CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
2/22/2019
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:02-cr-30098-3 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| PRINCIBE LAGUERRE | ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court are two motions to reduce Princibe Laguerre's sentence pursuant to Section 404(b) of the First Step Act of 2018. The first was filed by counsel and requests that his sentence be reduced from a term of imprisonment of 240 months to 193 months, resulting in his "immediate release." (Dkt. No. 297.) The second was filed by Laguerre, proceeding *pro se*. (Dkt. No. 300.) The United States has filed a response, in which it acknowledges that Laguerre is eligible for relief under the Act and recommends that, if the court reduces his sentence, that the court impose a sentence of 196 months, but not less than time served. (Dkt. No. 302.) Laguerre's counsel has filed a reply, in which she asks for a reduced sentence of 196 months, instead of the 193 originally requested. (Dkt. No. 303.) Neither party has requested a hearing, and Laguerre has waived any right to a formal hearing. (Reply 1, Dkt. No. 303.) For the reasons discussed below, the court will grant the defendant's motion and reduce his sentence to a term of imprisonment of 196 months, but not less than time served, to be followed by a four-year term of supervised release.

I. BACKGROUND

Laguerre was charged in a single-count indictment with conspiracy to distribute 50 grams or more of cocaine base and at least five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He proceeded to trial, and a jury found him guilty on October 30, 2003.

It is undisputed that he was convicted of conspiring to distribute 50 grams or more of cocaine base. As to the amount of cocaine, defendant's counseled motion says he was convicted

only of "more than 500 grams, but less than 5 kilograms of cocaine hydrochloride." For support, the motion cites to the Fourth Circuit's decision on direct appeal (Dkt. No. 183). The text of the Fourth Circuit opinion echoes the language in the indictment and in the Presentence Investigation Report (PSR), saying that the jury convicted Laguerre of conspiracy to distribute five kilograms or more of cocaine hydrochloride. (Dkt. No. 183 at 8.) In a footnote, though, the Fourth Circuit notes a "discrepancy" and explains that the jury's verdict form actually found him guilty of conspiracy to distribute and possession with intent to distribute "less than five kilograms but more than five hundred grams of cocaine hydrochloride." (Dkt. No. 183 at 8–9 n.5.) Despite documentation to the contrary (including the PSR and the judgment), the parties now appear to agree—consistent with the jury's verdict—that Laguerre should be treated as convicted of 50 grams of cocaine base and more than 500 grams, but less than five kilograms, of cocaine. (Def.'s Mot. to Reduce 2, Dkt. No. 297 (so stating); *see also* U.S. Response 6, Dkt. No. 302 (noting that, under the First Step Act, Laguerre should be sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which would not be applicable to an offense involving 5 kilograms or more of cocaine).)

The case then proceeded to sentencing. At the original sentencing, the court held Laguerre responsible for 1.5 kilograms of cocaine base. That amount resulted in a base offense level of 38. Laguerre received a three-level increase for his role in the offense and no adjustment for acceptance of responsibility. This resulted in a total offense level of 41. Because he was a career criminal under USSG § 4B1.1, his criminal history category was a VI. This resulted in a then-mandatory guideline range of 360 months to life. The court sentenced him to 360 months, the low end of the guideline range.

Subsequent to his sentencing, but while his case was on appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), rendering the guidelines advisory. The Fourth Circuit thus remanded the case for resentencing in light of *Booker*.

He was resentenced upon remand on May 20, 2006. At that resentencing, the court concluded that Laguerre's statutory penalty range remain unchanged: under § 841(b)(1)(A), the penalty was 10 years to life, with a minimum five-year term of supervised release.[1] The court likewise concluded that the guideline range remained the same—360 months to life. The court imposed a variance sentence of 240 months, which was still ten years above the low end of the statutory range as the court understood it at the time. It appears that the court imposed a below-guidelines sentence for one or more of the reasons argued by counsel, which were that Laguerre had no criminal history aside from the two prior convictions that resulted in his being a career offender, that a number of his co-conspirators received lesser sentences, his age (which was 50 at the time), and that he had a 57-month sentence on an illegal reentry charge also to serve.[2] (Resentencing Tr., Dkt. No. 235.)

## II. DISCUSSION

Laguerre, both through counsel and on his own behalf, now seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 effectively makes the provisions of

---

[1] A point of clarification is required regarding whether a valid notice pursuant to 21 U.S.C. § 851 was applicable to Laguerre at sentencing. The question arises because a § 851 notice was filed prior to trial and the docket does not reflect it was ever dismissed or withdrawn. Nonetheless, at least four specific facts convince the court that the § 851 notice was not in effect. First, the PSR does not mention it. This is particularly significant because no objection to the PSR was raised on this ground, at either the original sentencing or the later resentencing. Second, the court has reviewed the original sentencing transcript, and there are no references at all to a § 851 notice. (January 21, 2004 Sentencing Tr., Dkt. No. 73.) Third, the transcript from the May 30, 2006 resentencing supports that no § 851 notice was applicable in this case. Not only did counsel for the government expressly advise the court that there was not an enhancement under § 851, but both sides advised that the applicable statutory penalty was 10 years to life, instead of 20 to life, the applicable penalty had there been a valid § 851 notice. (Resentencing Tr. 4–5, Dkt. No. 235.) Fourth and finally, the court imposed a five-year term of supervised release at both the original sentencing and the resentencing, which would have been below the mandatory statutory minimum had a § 851 notice governed. For all of these reasons, the court concludes that the enhanced penalties triggered by a § 851 notice were not applicable at Laguerre's sentencing or his 2006 sentencing, and they are not applicable here.

[2] Laguerre filed subsequent motions to reduce his sentence, as well as motions to vacate his conviction and/or sentence under 28 U.S.C. § 2255, but none of those motions resulted in a change to his sentence, so the court does not discuss them further.

the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

As the parties agree, Laguerre meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.

Laguerre was charged with 50 grams or more of cocaine base, and not at least 280 grams. Thus, applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(A), but would instead be subject to the penalties set forth in § 841(b)(1)(B). Under that provision, and without the § 851 notice, Laguerre's statutory sentencing range is 5 to 40 years and a supervised release term of 5 years to life.

With regard to the guidelines, Laguerre was sentenced based on 1.5 kilograms of cocaine base. Applying the drug quantity guidelines in effect now would establish a base offense level of 32, plus the three-level adjustment for his aggravating role, resulting in a total offense level of 35. Because the maximum possible penalty is only 40 years, his offense level would only be a 34 under the career offender guidelines, U.S.S.G. § 4B1.1, and so the greater offense level as calculated based on the drug amounts would apply, U.S.S.G. § 4B1.1(b). Accordingly, his total offense level of 35 and criminal history category of VI would result in a guideline range of 292 to 365 months.

4

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in Laguerre's case. When he was resentenced to 240 months, the court granted approximately a 33% reduction from the low end of the guideline range, which was then 360 months. A commensurate reduction here from the low end of the revised guideline range (292 months) would result in a sentence of 196 months. According to the Addendum prepared by the United States Probation Office, it appears that Laguerre has already served approximately 191 months. Laguerre's counseled motion seeks a sentence of 196 months and states that such a sentence will result in his immediate release. (Reply 1 n.1, Dkt. No. 303 (agreeing that 196 months would be a proportionate reduction from the bottom end of his new guideline range).)

Given that defendant is seeking immediate release (and the fact that the Bureau of Prisons currently projects his release date to be July 2020, presumably because of good time credits), he may have served more than 196 months already. Thus, if the court were to sentence him to 196 months, he might be allowed to "bank time" with the Bureau of Prisons, to which the United States objects. Having considered the sentencing factors of 18 U.S.C. § 3553(a), then, the court will reduce his sentence to a sentence of 196 months, but not less than time served. The court will also reduce his term of supervised release from five years to four years, as the court finds appropriate and as both parties request.

The court will not reduce his sentence below a sentence of time served for several reasons. In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to "bank time," which could allow him to commit further crimes without the fear of imprisonment. *Cf. Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct."). In all likelihood, similar concerns underlie the express prohibition on a court's reduction of a sentence below time served when reducing based on a sentencing guideline

amendment. *See* U.S.S.G. § 1B1.10(b)(1)(C) (directing that a reduction in a term of imprisonment pursuant to a guideline amendment "[i]n no event may . . . be less than the term of imprisonment the defendant has already served").[3]

The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range. *See, e.g.*, *United States v. Jackson*, No.5:03-cr-30093 (W.D. Va. Feb. 13, 2019 (refusing to reduce a sentence below time served when granting relief under the First Step Act); *United States v. Thompson*, No. 03-72, 2019 WL 460361, at *2 (W.D. Pa. Feb. 6, 2019) (noting that the defendant had already served at least 54 months more than the high-end of the guideline range, and reducing his sentence under the First Step Act to time served); *see also United States v. Fleurival*, No. 5:06-cr-41-4 (W.D. Va. Feb. 6, 2019) (denying defendant's request to be resentenced to a term of imprisonment less than time served).

### III.  CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence of 196 months, but not less than time served, to be followed by four years of supervised release. The remainder of his criminal judgment will remain unchanged. An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying

---

[3] The court acknowledges the defense argument that Laguerre presently has an ICE detainer that may result in his deportation or removal. (Reply 2 n.2, Dkt. No. 303.) But in the event he remains in, or returns to, this country, a period of supervised release is appropriate, and that period should not include any allowance to commit future crimes without fear of imprisonment.

6

order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: February 22, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge